UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                          Chapter 11

POP SMEAR, INC.,                                Case No. 00-14226 (BRL)

                        Debtor.
------------------------------------------------------X

## ORDER CONFIRMING PLAN

Upon the Debtor's Second Amended Plan of Reorganization (the "Plan"), dated May 25, 2005, having been filed with this Court, and its Second Amended Disclosure Statement (the "Disclosure Statement"), dated May 25, 2005, having been filed with the Court and approved by it on June 10, 2005; as per the Court's Order and pursuant to said Order, a copy of the Plan and Disclosure Statement having been transmitted to all holders of claims or interests in this case in accordance with § 1125 of the Bankruptcy Code; and pursuant to said Order, a Confirmation Hearing having been scheduled before the undersigned Bankruptcy Judge on August 2, 2005; and no objection to the Confirmation having been filed by any party in interest; and the Debtor having filed an affidavit indicating that there have been no business operations during the pendency of the case; and the Debtor's attorneys having presented a Certification as to Ballots received and tabulated with respect to the voting on the Plan; and after hearing Ruskin Moscou Faltischek, P.C., attorneys for the Debtor, and Lowenstein Sandler PC, attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), in support of the Confirmation of the Plan; and based upon the record made at the Confirmation Hearing; and all of the proceedings heretofore had herein; after due deliberation being held thereon; the Court makes the following findings of fact and conclusions of law:

A. The Plan has been accepted in writing pursuant to § 1126 of the Bankruptcy Code by the requisite majority in both number and amount of each class of creditors impaired under the Plan, and the solicitation of such acceptances was in good faith.

B. Any person or entity entitled to receive notice of the Confirmation Hearing received such notice in a timely and property manner in accordance with this Court's Order of June 10, 2005.

C. The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code.

D. The Debtor, as Proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.

E. The Plan has been proposed in good faith and not by any means forbidden by law.

F. Any payment made or promised by the Debtor for services or for costs and expenses in, or in connection with, this case or in connection with the Plan and incident to this case, have been disclosed to this Court and any such payment made before Confirmation is reasonable or, if such payment is to be fixed after Confirmation of the Plan, such payment is subject to approval of this Court.

G. The Debtor, as Proponent of the Plan, has disclosed the expected affiliations of the individuals proposed to serve, after Confirmation of the Plan, as directors and officers of the Debtor, and such appointment to such office of such individuals is not inconsistent with the interests of creditors and equity security holders and with public policy, and the Debtor has disclosed the identity of any insider that will be employed or retained by the Debtor and the nature of any compensation for such insider.

H. With respect to each Class, each holder of a claim of such Class has accepted the Plan or will receive or retain under the Plan on account of such claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code; no holder of a secured claim has made an election under § 1111(b)(2) of the Code.

I. All holders of Claims and Interests impaired under the Plan have been given adequate opportunity to vote to accept or reject the Plan. Holders of Allowed Claims Class 1 have accepted the Plan within the meaning of § 1126(c).

J. At least one Class of Claims of the Debtor that is impaired under the Plan has accepted the Plan, determined without including the acceptance of the Plan by any insider of the Debtor hold a Claim of such Class.

K. Sufficient funds necessary to pay the distribution required under the Plan to be made upon the Effective Date of the Plan following Confirmation and thereafter are available to the Debtor.

L. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.

M. The Plan provides for the payment in full of all administrative expense claims and priority claims on the Effective Date of the Plan or, in the case of priority tax claims, as provided in § 1129(a)(9)(C) of the Bankruptcy Code, or such other date as agreed upon between the Debtor and such priority tax creditor or the Administrative Claim holder.

N. The Plan, and all documents to be executed in connection therewith, is fair and equitable to all parties-in-interest, including, without limitation, the Debtor, Class 1 creditors and equity interest holders.

O. Ruskin Moscou Faltischek, P.C. is designated as Disbursing Agent under the Plan.

NOW, THEREFORE, IT IS, on motion of Ruskin Moscou Faltischek, P.C., attorneys for the Debtor,

ORDERED, ADJUDGED AND DECREED that:

1. The Plan of Reorganization, a copy of which is annexed hereto and made a part hereof and designated as Exhibit "A," is hereby confirmed.

2. As soon as hereafter practicable, the Disbursing Agent shall disburse to the entities entitled thereto, pursuant to the Plan and its provisions, the payments required thereunder to the last known address of the person entitled to such distribution.

3. The Plan and its provisions shall be binding upon the Debtor, any entity acquiring property under the Plan, and any creditor or equity security holder of the Debtor, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

4. All creditors and equity security holders of the Debtor whose debts are discharged or interests are impaired by the Plan and this Order are jointly and severally restrained and enjoined from instituting or continuing any action or employ any process to collect such or pursue such interest as claims or liabilities of the Debtor.

5. All property, assets and effects of the Debtor, as Debtor and Debtor-in-Possession, are hereby revested in the Debtor.

6. Pursuant to Article VIII of the Plan, §s 1123(b)(2) and 365 of the Bankruptcy Code, all executory contracts or unexpired leases not previously assumed or rejected are deemed rejected as of the date hereof.

7. The Debtor shall file, within sixty (60) days from the date hereof, any and all objections of the allowance of any claim not heretofore objected to and bring such objections for hearing within ninety (90) days from the date hereof, and, in the event of the failure of the Debtor to do so, any objections to the allowance of claims affected thereby shall be deemed waived.

8. The Debtor and its respective directors, officers, agents and attorneys, including the Disbursing Agent, are hereby authorized, empowered and directed to carry out all the provisions of the Plan and to perform such acts and execute and deliver such documents as are necessary or proper to effectuate the provisions of either the Plan or this Order.

9. The Bankruptcy Court hereby retains jurisdiction for such purposes as may be necessary to aid the Confirmation and implementation of the Plan, and for the following additional purposes:

    a. To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code, or any modification of Plan after substantial consummation of the Plan;

    b. To hear and determine all controversies, suits and disputes, if any, as may arise in connection with interpretation of enforcement of the Plan or this Order;

    c. To hear and determine any and all requests for compensation and/or reimbursement of expense, if any, which may be made after Confirmation of the Plan;

d. To enforce compliance with the Order and compliance with all covenants and obligations contained in the Plan, and, if necessary, to effectuate payments required to be made under the Plan;

e. To hear and determine any and all adversary proceedings and contested matters instituted and pending as of the date of the Confirmation or filed thereafter; and

f. To hear and determine all objections to claims made in accordance with Paragraph 7 of this Order

10. The Clerk of the Bankruptcy Court shall be paid the administrations fees as will be determined by it.

11. The Disbursing Agent shall make timely payments to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) for all periods up to the date the case is converted, dismissed or closed by Court order, and the Disbursing Agent shall provide an appropriate affidavit indicating the cash disbursements for each subsequent calendar quarter within thirty (30) days following the end of the quarter until the case is converted, dismissed or closed by Court order.

12. The Final Fee Applications by the attorneys for the Debtor and Creditors' Committee shall be filed with the Court within 60 days from the date of entry of this Order.

Dated: New York, New York
August 16, 2005

/s/ Burton R. Lifland
Bankruptcy Judge

6
A:\#324298 v1 - Order Confirming Plan.doc